UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

GISELE WENTLING,

    Plaintiff,

v.

JOHN KERRY, United States Secretary of State,

    Defendant.

No. 14 C 7332
Judge James B. Zagel

## MEMORANDUM OPINION AND ORDER

Plaintiff Gisele Wentling ("Plaintiff") filed a complaint against Defendant John Kerry, United States Secretary of State ("Defendant") alleging employment discrimination on the basis of her race under the Civil Rights Act of 1964, as amended, the Civil Rights Act of 1991, 42 U.S.C. § 1981(a) and the general civil rights jurisdictional provisions of 28 U.S.C. § 1343(a)(4). Defendant moves to dismiss Plaintiff's Complaint under Fed. R. Civ. P. 12(b)(1) and (6). For the following reasons, Defendant's motion is granted.

## BACKGROUND

Plaintiff, a black woman born in the Republic of Togo, West Africa, was seconded from the United States passport office in Charleston, North Carolina, on or about July 6, 2009, to begin work as a G-12 Supervisory Passport Specialist in the Chicago Passport Office. Plaintiff alleges that she was the only employee at the supervisory level at the Chicago office of African descent. Upon her arrival in the Chicago office, she began experiencing hostile treatment and adverse employment actions at the hands of management and workers. Plaintiff alleges that she reported these discriminatory acts and that there is no evidence that any other employee at the Chicago office was treated the same as Plaintiff.

1

Plaintiff was demoted in 2010, which she challenged by filing a formal EEO complaint on July 29, 2010. On June 23, 2014, the EEO administrative law judge dismissed Plaintiff's claims and issued a final agency decision ("FAD") regarding Plaintiff's demotion. On July 18, 2014, Plaintiff filed a notice of appeal of the FAD; an appeal of this decision is pending before the EEOC. In March 2011, while Plaintiff's EEO complaint regarding her demotion was being considered, Plaintiff was terminated. Plaintiff challenged her termination before the Merit Systems Protection Board ("MSPB") and was issued a final order affirming her removal on March 29, 2012. Plaintiff filed the present Complaint on September 21, 2014, in part, seeking an order compelling Defendant to reinstate Plaintiff to the position of a G-12 passport specialist with all back pay.

## LEGAL STANDARD

When considering a motion to dismiss for lack of subject matter jurisdiction and failure to state a claim, the court treats all well-pleaded allegations as true, and draws all reasonable inferences in the plaintiff's favor. *Justice v. Town of Cicero*, 577 F.3d 768, 771 (7th Cir. 2009); *Williams v. Seniff*, 342 F.3d 774, 781 (7th Cir. 2003). A complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*. The court is not bound to accept as true allegations in the complaint that tend to establish jurisdiction where a party properly raises a factual question concerning the court's jurisdiction. *Grafon Corp. v. Hausermann*, 602 F.2d 781, 783 (7th Cir. 1979). The district court may properly look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter

jurisdiction exists. *Id*. "The court may take judicial notice of matters of public record, including records of administrative bodies, without converting a 12(b)(6) motion into a motion for summary judgment." *Martinez v. Universal Laminating, Ltd.*, No. 02 C 4410, 2002 WL 31557621, at *1 (N.D.Ill. Nov. 18, 2002)(citing *Henson v. CSC Credit Services*, 29 F.3d 280, 284 (7th Cir. 1994)).

## DISCUSSION

Defendant moves to dismiss Plaintiff's Complaint under two grounds: (1) Plaintiff is a) time-barred and b) precluded by the March 29, 2012 MSPB final order from pursuing her termination-related discrimination claims; and (2) Plaintiff has failed to exhaust her administrative remedies on her discriminatory demotion and harassment claims. Plaintiff has not asserted claims based on alleged discriminatory demotion and harassment, and the only issue before the Court is the sufficiency of Plaintiff's termination-related discrimination claims.

On March 29, 2012, Plaintiff was issued a final order by the MSPB affirming her termination, but failed to take further action until September 21, 2014. "Except as provided in paragraph (2) of this subsection, a petition to review a…final decision of the Board shall be filed in the United States Court of Appeals for the Federal Circuit." § 7703(b)(1). Section 7703(b)(2) states that cases of discrimination subject to § 7702 "shall be filed under the Civil Rights Act of 1964 (42 U.S.C. 2000e-16(c))…" and must be filed within 30 days after the date the individual filing the case received notice of the judicially reviewable action.

Plaintiff advances two arguments to support her contention that she is not bound by the 30-day filing time limit, both of which are inapposite. First, Plaintiff argues that she is exempted from the 30-day filing deadline because her complaint was not filed principally as a petition for judicial review of the MSPB decision, but rather under the court's original jurisdiction to review

civil rights matters. Plaintiff's Complaint contains one count alleging discriminatory treatment in violation of 42 U.S.C. 2000e-§§2(a) and 16(a) of the Civil Rights Act. Central to Plaintiff's Complaint are allegations of discriminatory acts by the agency leading to her termination, and Plaintiff states as the basis for relief "the decision rendered by the agency." Moreover, the text of § 7703(b)(2) expressly states that cases of discrimination subject to § 7702, which includes the case of any employee that alleges discrimination prohibited by Title VII of the Civil Rights Act as the basis for the action, shall be filed under the Civil Rights Act within 30 days of receiving notice of the judicially reviewable action. Plaintiff fails to identify any legal basis for why her claim based on her allegedly discriminatory termination in violation of the Civil Rights Act of 1964 falls outside § 7703(b)(2).

Second, Plaintiff offers *Kloeckner v. Solis* as support that a "mixed case" (i.e. a case based on discriminatory action against personnel that is appealable to the Board) has subject matter jurisdiction in federal district court. 133 S.Ct. 596, 598 (2010); *see also Kloeckner v. Solis*, 2010 WL 582590, (E.D. Mo., Feb. 18, 2010); 29 CFR § 1614.302. There, the Supreme Court of the United States held that an employee seeking judicial review of an agency decision in a mixed case should file a petition in district court, rather than the United States Court of Appeals for the Federal Circuit. *Id*. at 600. This case, too, is inapposite. There is no dispute about where the plaintiff should have filed its complaint; rather, the parties here dispute *when* the case should have been filed.

Plaintiff has not provided any reason why it is exempted from filing within 30 days from when Plaintiff "received notice of the judicially viewable action." § 7703(b)(2). Plaintiff's termination-related claim is time-barred and dismissed.

## CONCLUSION

For the foregoing reasons, Defendant's motion is granted.

ENTER:

James B. Zagel
United States District Judge

DATE: January 23, 2015